IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HART, ) | Case No. 4:20-cv-1043 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| MARK WILLIAMS, WARDEN, ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | |

Petitioner, Michael Hart, formerly an inmate at the Elkton Federal Correctional Institution, filed on May 13, 2020 a petition for writ of habeas corpus under 28 U.S.C. § 2241(c), claiming the conditions at FCI-Elkton in the Spring of 2020 put him at great risk of death or serious illness should he contract the COVID-19 virus.  He contended that exposing him to this risk constituted cruel and unusual punishment.  ECF Doc. 1 at 1.  Hart's requested remedy was immediate release.  ECF Doc. 1 at 4, 6.  Hart also sought a declaration that Respondent Warden Mark Williams's policies and procedures, including the response to the presence of COVID-19 within the institution, were inadequate and ineffective.  On July 29, 2021, I ordered Hart to show cause why his petition should not be dismissed as moot because of his transfer to the U.S. Penitentiary at Yazoo City, MS.  ECF Doc. 7 at 1-2.  And Hart timely responded.  ECF Doc. 8. Because Hart has asserted insufficient allegations to show that his concerns regarding COVID-19 persist at USP-Yazoo City, I recommended that Hart's petition be DISMISSED as moot.

I.      **Procedural History**

This court's order dated June 24, 2020, required Warden Williams to file his answer and to show cause why the writ of habeas corpus should not be granted. ECF Doc. 3. Hart was ordered to file any brief in response within thirty days of the filing of the answer. Id. Warden Williams timely filed his return of writ on July 7, 2020. ECF Doc. 6. Hart has not filed anything in response.

Warden Williams's return of writ pointed out that Hart was a member of the conditionally certified subclass of plaintiffs in the case styled *Wilson v. Williams*, No. 4:20-cv-794, another action that raised the same claims for relief that are the subject of this case. In *Wilson*, Judge Gwin issued a preliminary injunction that required the Bureau of Prisons to classify inmates at FCI-Elkton according to their age and/or risk of harm from COVID-19. Hart was identified a member of the subclass of such persons. *Wilson* ECF Doc. 35-1 at 5. And Judge Gwin's preliminary injunction order directed defendants in *Wilson* to either release or take other actions in respect to the subclass. *Wilson* ECF Doc. 22. On June 9, 2020, the Sixth Circuit vacated the preliminary injunction, finding that plaintiffs had not shown a likelihood of success on the merits on the same Eighth Amendment claims Hart advances in this case. *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020).

After determining that Hart had not filed a response to the warden's return of writ, the undersigned checked the Federal Bureau of Prisons Inmate locator website and determined that Hart is now confined at USP-Yazoo City and not FCI-Elkton.[1] Hart never filed a notice of change of his address with our court.

---

[1] Search for inmate no. 17947-424 at: https://www.bop.gov/inmateloc/, visited 1/03/22.

Because it was unclear whether Hart's transfer affected whether a justiciable case or controversy remained in this action, I issued a show cause order to Hart, ordering him to show cause why: (1) his action should not be dismissed as moot, and (2) the disposition of the *Wilson* case by the Sixth Circuit Court of Appeals did not bar his case on either res judicata or collateral estoppel grounds. ECF Doc. 7 at 5-6.

Hart has responded to the order and asserts that his transfer does not moot the action because the risk of serious illness and death posed to him by COVID-19 and the Delta variant was not limited to FCI-Elkton but is an issue across the Bureau of Prison's facilities. ECF Doc. 8 at 2-4, 11-14. He also contends that res judicata and collateral estoppel do not bar his action because he filed his petition while *Wilson* was pending. ECF Doc. 8 at 4-6.

**II.   Applicable Legal Standards**

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015), citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). In order for a federal court to retain jurisdiction over a case, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (citations omitted). "[T]o satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999).

The court's judicial notice that Hart has been transferred from FCI-Elkton to USP-Yazoo City requires us to determine whether we still have jurisdiction to decide his case. When an inmate files suit against prison officials at the institution of his incarceration based upon those

3

officials' wrongful conduct and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot. *Sossamon v. Texas*, 563 U.S. 277, 304 (2011) (citations omitted) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (prisoner's transfer from institution that allegedly violated his rights by serving him non-kosher food mooted his claims for declaratory and injunctive relief directed at officials of the transferring institution). This is because an inmate's transfer or release ends the alleged violations of his constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993); *Fredette v. Hemingway*, 65 F. App'x 929, 931 (6th Cir. 2003) (concluding that an inmate's request for injunctive relief to prevent his transfer to another prison became moot upon the inmate's subsequent transfer because "the district court was unable to grant the relief requested"). Specifically, habeas corpus actions "under section 2241 [become] moot if a change in the petitioner's conditions of imprisonment precludes the district court from providing any 'effectual relief.'" *Geddes v. Lindsay*, No. 07 Civ. 5054 (NGG), 2008 U.S. Dist. LEXIS 50251, at *3 (E.D.N.Y. July 1, 2008) (citing *Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006)).

There is an exception, however, for cases presenting a claim which is capable of repetition yet evading review. In *Spencer v. Kemna*, 523 U.S. 1, 18 (1998), the United States Supreme Court indicated: "The capable-of-repetition doctrine applies only in exceptional situations," *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), "where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation

4

that the same complaining party [will] be subject to the same action again." (Citations and internal quotation marks omitted.).

Hart's claim must be dismissed because the court lacks jurisdiction over it. First, Hart's transfer requires that he show that his claims fall within the capable-of-repetition doctrine, which he has failed to do. Hart contends that he still faces a risk of serious illness and death from COVID-19 and its Delta variant at USP-Yazoo City. ECF Doc. 8 at 2-4. But he has not provided any support for his contention; he has not asserted what precautions the facility has or has not taken in preventing the spread of COVID-19, whether the prison officials are aware of any particular risk he specifically might face from the virus, or any details specific to USP-Yazoo City's response to COVID-19. *See Hermansen v. Valentine*, No. 21-5304, 2021 US. App. LEXIS 35853, at *5-6 (6th Cir. 2021). Rather, he reiterates the claims from his petition against Warden Williams and FCI-Elkton. *See* ECF Doc. 8 at 6-11. As a result, Hart has not provided sufficient allegations that the court could reasonably expect that he would face the same risk of serious illness or death at USP-Yazoo City as he alleged he faced at FCI-Elkton. *Lyons*, 461 U.S. at 109.

Even if Hart had made sufficient allegations, his petition would still require dismissal. First, a portion of Hart's requested relief – release from FCI-Elkton – is moot in light of his transfer from the facility. *Geddes*, 2008 U.S. Dist. LEXIS 50251, at *3. We cannot order him to be released from FCI-Elkton because he is not held there. Second, Hart's contentions about the conditions of his confinement are improper under § 2241. Hart arguments relate to the conditions of his confinement because, although termed as deliberate indifference to his medical need, he does not allege that he needed medical attention but that he has concerns about exposure to COVID-19 and the lack of sufficient policies to protect him. *See Hand v. Young*, No. 1:20-

5

CV-00784-BAM (PC), 2021 U.S. Dist. LEXIS 142077, at *9 n.1 (E.D. Cal. Jul. 29, 2021); *see generally* ECF Doc. 1.  Conditions of confinement claims cannot be raised under § 2241. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Connolly v. Williams*, No. 4:21-CV-0005, 2021 U.S. Dist. LEXIS 49782, at *3 (N.D. Ohio Mar. 17, 2021) ("Prisoners challenging the conditions of their confinement [] must do so through a civil rights action").

And even if such claims could be raised, it is doubtful whether Hart's claim would succeed as the Sixth Circuit has previously found that, in the context of § 2241, medically vulnerable inmates at Elkton, which included Hart, were not likely to succeed on the merits of an Eighth Amendment claim based on COVID-19 circumstances.  *See Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020); *see also Cook v. Fed. Bureau of Prisons*, No. 4:21-CV-0766, 2021 U.S. Dist. LEXIS 244259, at *9-11 (N.D. Ohio Dec. 21, 2021) (dismissing an FCI-Elkton inmate's complaint alleging "essentially the same claims related to COVID-19 conditions" as *Wilson*, because it lacked merit on its face based on the Sixth Circuit's decision in *Wilson*).

Moreover, a petition under § 2241 must be filed in the district court having jurisdiction over the petitioner's custodian.  *See Namon v. Morrison*, 14 F. App'x 380, 381 (6th Cir. 2001). Although we retrained jurisdiction despite Hart's transfer, *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004), transfer may be considered for the convenience of the parties or in the interests of justice.  *See* 28 U.S.C. § 1404(a).  Here, however, transfer of this action to the Southern District of Mississippi, which has jurisdiction over claims arising in regard to USP-Yazoo City, would result in the transfer of a frivolous habeas petition and would not serve the interests of justice. Accordingly, I recommend that Hart's petition be DISMISSED as moot.

Dated: January 4, 2022

Thomas M. Parker
United States Magistrate Judge

6

---

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).