# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL HART, | CASE NO. 4:20-CV-1043 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| MARK WILLIAMS, WARDEN, | ORDER ADOPTING REPORT |
| Respondent. | AND RECOMMENDATION |

This matter comes before the Court upon the Report and Recommendation of Judge Thomas M. Parker. Petitioner, Michael Hart ("Mr. Hart"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241(c) on May 13, 2020. (ECF # 1). Mr. Hart claimed that the conditions at FCI-Elkton put him at great risk of death or serious illness should he get COVID-19 and that this amounted to cruel and unusual punishment under the Eighth Amendment. (ECF #1). Mr. Hart sought immediate release and a declaration that Mark Williams' ("Mr. Williams") policies and procedures regarding COVID-19 were ineffective and inadequate. (ECF #1). On July 7, 2020, Mr. Williams filed his answer to the writ of habeas corpus. (ECF #6). Mr. Hart never filed a response. It was discovered that Mr. Hart had been transferred to the U.S. penitentiary in Yazoo City ("USP-Yazoo City") and never filed a notice of change of address. On July 29, 2021, Magistrate Judge Parker ordered Mr. Hart to show cause why his petition should not be dismissed as moot because of his transfer from FCI-Elkton and why *Wilson v. Williams* did not bar his case on either res judicata or collateral estoppel grounds. (ECF #7); 961 F.3d 829, 844 (6th Cir. 2020) (finding that the district court erred in holding that a subclass of inmates at FCI-Elkton had demonstrated a

likelihood of success on their Eighth Amendment claim that their confinement during the COVID-19 pandemic amounts to cruel and unusual punishment). Mr. Hart filed his response on September 1, 2021. (ECF #8).

On January 1, 2022, Magistrate Judge Parker issued a Report and Recommendation. (ECF #11). He recommended that Mr. Hart's petition be DISMISSED as moot. Magistrate Judge Parker found that: (1) Mr. Hart failed to show that his claims fall within the capable-of-repetition doctrine because he did not provide specific support for his contention that he still faces a risk of death or serious illness at USP-Yazoo City, which was necessary because habeas corpus actions "under § 2241 become moot if a change in the petitioner's conditions of imprisonment precludes the district court from providing 'effectual relief.'" *Geddes v. Lindsay*, 2008 U.S. Dist. LEXIS 50251, at *3 (E.D.N.Y. July 1, 2008) (citing *Levine v. Apker*, 455 F.3d 71, 77 (2d. Cir. 2006)); (2) Mr. Hart's requested relief that he be released from FCI-Elkton cannot be granted because he is no longer being held there; (3) Mr. Hart's arguments relate to the conditions of his confinement, which cannot be raised under § 2241; (4) it is doubtful that Mr. Hart's claim would succeed because the Sixth Circuit found that medically vulnerable inmates at FCI-Elkton were not likely to succeed on their Eighth Amendment Claims; and (5) transfer of this petition to the Southern District of Mississippi, where Mr. Hart is now being held, would not serve the interests of justice. (ECF #11).

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation, the district court reviews the case de novo. Fed R. Civ. P. 72(b)(3) provides this standard of review. It states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that is properly objected to. The district judge may accept, reject, or modify the recommended disposition. . . ." Accordingly, this

Court will review the Report and Recommendation, to which timely objections have been filed, de novo.

Mr. Hart timely filed an objection to Magistrate Judge Parker's Report and Recommendation on February 2, 2022. (ECF #12). Mr. Hart objects on the grounds that: (1) he still faces a risk of serious illness and death from COVID-19 at USP-Yazoo City and the Warden at USP-Yazoo City is aware of Mr. Hart's medical conditions; (2) the Covid-19 pandemic is an exceptional situation and therefore the capable-of-repetition doctrine applies; (3) Mr. Hart's petition should be transferred to the Southern District of Mississippi if this court cannot or will not render a judgment; and (4) Mr. Hart has isolated himself from the class action suit under *Wilson v. Williams* by seeking his own relief. (ECF #12); 961 F.3d 829.

As to Mr. Hart's first two objections, Magistrate Judge Parker addressed the fact that Mr. Hart could still face a risk of serious illness and death from COVID-19, but found that Mr. Hart failed to give examples of USP-Yazoo City's specific COVID-19 policies or procedures that are inadequate or ineffective in preventing the spread of COVID-19 and therefore he failed to show that his cause falls within the capable-of-repetition doctrine. As a result, Magistrate Judge Parker adequately addressed these objections. As to Mr. Hart's third objection, Magistrate Judge Parker correctly asserts that the Northen District of Ohio retains jurisdiction over the petition despite Mr. Hart's transfer. (ECF #11); *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). Transferring the petition to the Southern District of Mississippi would not overcome the fact that Mr. Hart's petition is not justiciable and lacks merit. As to Mr. Hart's fourth objection, Magistrate Judge Parker pointed out in his Report and Recommendation that Mr. Hart was part of the subclass of prisoners that sought release in *Wilson* and that another FCI-Elkton inmate individually filed a complaint alleging similar claims and that complaint was dismissed. (ECF # 11); *See Cook v.*

*Fed. Bureau of Prisons*, 2021 U.S. Dist. Lexis 244259, at *11 (N.D. Ohio Dec. 21, 2021) (finding that the complaint, which asserted essentially the same claims as those in *Wilson v. Williams*, lacked merit on its face because of the Sixth Circuit's decision in *Williams*). Mr. Hart has not shown that his petition has merit after the *Wilson* decision. For the reasons set forth above, Mr. Hart's objections cannot stand.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons stated above, the Court concludes that Mr. Hart has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

The Court has carefully reviewed the Report and Recommendation and Mr. Hart's objections. Magistrate Judge Parker has correctly addressed the objections raised by Mr. Hart. Mr. Hart's objections are OVERRULED. The Report and Recommendation of Magistrate Judge Thomas M. Parker (ECF # 11) is ADOPTED. Mr. Hart's petition is DISMISSED as moot.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　　Donald C. Nugent
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

DATED: February 24, 2022